Deaderick, J.,
delivered the opinion of the Court.
This was an action of “debt due by account,” as originally instituted and prosecuted before a Justice of the Peace of Campbell County. Judgment was rendered against plaintiff in' error, and he appealed to the Circuit Court.
In that Court a judgment was also rendered against the plaintiff in error; and the Court refusing to grant a new trial, an appeal, in the nature of a writ of error, was taken to this Court.
The purpose of the action seems to have been to recover the value of a certain quantity of leather, for the delivery of which the defendants in error, had executed their bond in 1863, to plaintiff in error — he being at that time an* agent for the Confederate States.
Several errors are complained of by the plaintiff in error:
1. It is insisted by him that the Court erred in ad *7 mitting parol proof of the contents of the bond executed for the delivery of the leather. The witness, Chapman, was allowed to state that “ the bond was, that Large & Johnson should let the Southern Confederacy have sixty per cent, of the leather they manufactured.” And this testimony, although objected to when offered, the bill of exceptions states, was admitted by the Court “not to prove contents of the bond, but its existence and design, for which it was executed and given.”
It is difficult to conceive' how you can ascertain the design, without proof of its contents, of which the bond itself is the highest and best evidence.
To lay the foundation for the introduction of secondary evidence, or parol proof, of the contents of a writing, there must be some proof that the instrument is lost; or, if it was known to have last been in the hands of the adverse party, notice to him or to his attorney, to produce it, must be given.
"While there are some exceptions to this rule, we do not think that the fact that the bond was executed to the plaintiff in error, as an officer in an extinct organization, places it in the list of excepted cases.
The plaintiff in error offered to prove that - the defendant ip error, Large, had a conversation with one John Jones, in which Jones had stated to Large that, under a decision of our Supreme Court, one Frank Kin-caid could make him, Large, pay again for a carriage he had bought of Kincaid, and paid for in Confederate money, during the war, to which Large replied: “If that is the way, PH make Smith pay over again for that leather,” etc. Upon objection being made by the *8 plaintiffs below, this testimony, as to the'carriage trade, was all excluded by the Court.
We think what Jones said to Large, should have been allowed to go to the jury, in order to enable them better to understand the reply of Large. And, in this case, it would be difficult to understand the purport of Large’s reply, if the remarks of Jones, which elicited it, were excluded. We think therefore, that the Circuit Judge erred, in saying to the jury that they could not look, for any purpose, to anything said about the carriage trade.
The Court charged the jury, that, if they believed the plaintiffs, below, acted under duress or constraint in executing the bond, that duress would be presumed to have continued, in the absence of any proof to the contrary, and that the presumption would be, that the leather was delivered under the original and still continuing coercion.
While we are satisfied, that in this case, there is no proof in the record of any coercion, to execute the bond, amounting to legal duress, we do not think, that, if the duress had been shown in the execution of the bond, the law would raise any presumption of its . continuance, in the absence of any proof that there was any further communication between the parties after the execution of the bond.
While the Court was charging the jury, as we infer from the record, the plaintiffs below were permitted to amend their warrant, changing the form of action from “debt on account” to “trespass,” to which defendant excepted.
*9 The very liberal provisions "contained in the Code for amendment of writs, pleadings and other proceedings in causes, are designed to promote the ends of justice, not to operate prejudicially to parties; and section. 2869, amongst other amendments which it authorizes, provides that the Court shall have power “to change the form of action, etc., “upon such terms as to continuances, as the Court in its sound discretion, may see proper to impose.”
This language strongly implies that the change of the form of action will only be allowed before trial is commenced; and such, we think, is a reasonable and proper construction of our statute of amendments.
From the principles laid down in this opinion, it follows that the judgment in the Circuit Court in this case must be reversed.